IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN FREI WICK,

        Plaintiff,

    v.

UNKNOWN UMATILLA COUNTY COURTHOUSE OFFICIAL,

        Defendant.

Case No. 2:25-cv-01822-AR

**ORDER TO DISMISS**

**BAGGIO, District Judge**

    Plaintiff John Frei Wick, an adult in custody at the Eastern Oregon Correctional Institution, brings this 42 U.S.C. § 1983 civil rights case as a self-represented litigant. On December 12, 2025, Magistrate Judge Jeff Armistead issued an Order to Amend (ECF No. 6) finding that Wick's Complaint failed to state a claim upon which relief may be granted, advising Wick of the deficiencies of his Complaint, and ordering Wick to file an Amended Complaint curing those deficiencies or face dismissal of this action. Currently before the court is Wick's Amended Complaint (ECF No. 7).

    Wick's Amended Complaint does not cure the deficiencies noted in Judge Armistead's Order to Amend. Specifically, Judge Armistead advised Wick that he must amend his Complaint to allege facts establishing that he suffered an actual injury as a result of defendant's failure to process Wick's state court application for fee waiver and complaint. In his Amended Complaint,

1 – ORDER TO DISMISS

however, Wick affirmatively alleges that although the application and complaint were originally returned to him, Wick "was able to get a second trust account statement from the law library and resubmit the package, which was finally processed properly." Wick further alleges that the state court action is currently proceeding, and provides no indication that the delay in processing his application otherwise caused any actual injury. As such, Wick has not alleged facts demonstrating an actual injury as required to state a claim of violation of his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996) (The actual injury requirement mandates than inmate "demonstrate that nonfrivolous legal claim has been frustrated or was being impeded."). In the absence of allegations of an actual injury, the Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## CONCLUSION

For these reasons, IT IS ORDERED that Wick's Amended Complaint is DISMISSED for failure to state a claim upon which relief may be granted.

DATED:   01/08/2026

*Amy M. Baggio*
Amy M. Baggio
United States District Court

2 – ORDER TO DISMISS